IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

FITZJOHN MCCANN,

    Plaintif,

v.

FRIGATE'S WATERFRONT BAR &
GRILL, INC., a Florida profit corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, FITZJOHN MCCANN ("McCann" or "Plaintiff"), by and through his undersigned attorney, hereby files this lawsuit against Defendant, FRIGATE'S WATERFRONT BAR & GRILL, INC, ("Frigate's or "Defendant) a Florida profit corporation, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid minimum wage, overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA"), for unpaid overtime and failure to minimum wage and improper retention of tips, in violation of the Florida Constitution, Article X, Section 24.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is currently a resident of Palm Beach County, Florida.

5. Defendant has a principal address located at 400 U.S. Highway 1, North Palm Beach, Florida 33408.

6. This cause of action arose in Palm Beach County, Florida.

7. Palm Beach County, Florida is proper venue for this action because Plaintiff at all times material hereto, was employed by and had dealings with Defendant in Palm Beach County, Florida.

8. Defendant failed to pay Plaintiff the mandatory overtime wages as required under federal law.

9. Defendant has an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendant, at all times material hereto, were enterprises engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

11. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## FACTUAL ALLEGATIONS

12. Plaintiff has been employed with Defendant since on or about November 1, 2021 in the position of waiter.

13. Plaintiff and other similarly situated employees, have job duties that include greeting and serving customers, provide detailed information on menus, collecting the bill, and ensuring quality service.

14. Defendant unlawfully deducted from Plaintiff and other servers and bartenders, $2.00 each paycheck for breakage.

15. As a result of this unlawful deduction Defendant is no longer permitted the tip credit for Plaintiff and other similarly situated employees wages and overtime.

16. To be permitted to pay employees sub-minimum wages with the use of the tip credit under the Florida Constitution and/or under the FLSA, the employer must comply with ***all*** requirements for taking the tip credit, including (*inter alia*): (1) allowing tipped employees to retain all tips they receive, except tips contributed to a valid tip pool; **<u>and</u>** (2) paying tipped employees a specific minimum hourly rate that is no less than $3.02 below the full Florida minimum wage, in addition to any tips they receive.

17. The unlawful deductions violate the tipped credit criteria.

18. Under both the Florida Constitution and the FLSA, if an employer fails to satisfy all requirements for utilizing the tip credit against the minimum wage, it may not take advantage of the tip credit and must directly pay its tipped employees the full Florida minimum wage rate and corresponding overtime rates.

19. Moreover, if employees do not retain all tips they receive, with the exception of tips contributed to a valid tip pool, they are entitled to seek other "legal or equitable relief as may be appropriate to remedy the violation," Fla. Const., Art. X, § 24(e), including compensatory damages from the employer of the tips that the employees did not retain.

20. Employees are similarly permitted to seek compensatory damages for tips that the employees did not retain under the FLSA.

21. Defendant's current practice is to deduct $2.00 from each employee's paycheck.

22. Defendant's deduction, retention, and/or collection of the $2.00 out of Tipped Employees' tips constitutes both an unlawful deduction and an improper retention of employees' tips.

23. Because they retained a portion of Tipped Employees' tips, as described above, Defendant is ineligible to take the tip credit against the minimum wage, and its payment to Tipped Employees of the tipped minimum wage is therefore in violation of Fla. Const. Art. X, § 24(c).

24. As a result of making these deductions from Plaintiff and other Tipped Employees' minimum wages, Defendant has failed to comply with the requirement that it pay its Tipped Employees a specific minimum hourly rate that is no less than $3.02 below the full Florida minimum wage, in addition to any tips they receive.

25. Defendant has claimed the full tip credit amount of $3.02, reducing Plaintiff and other Tipped Employees' direct hourly wages by $3.02 (*i.e.*, Defendant paid Plaintiff and other Tipped Employees the applicable Florida minimum wage minus $3.02, the maximum tip credit Defendant could take pursuant to Fla. Const. Art. X, § 24(c)).

26. The deductions that Defendant makes from the compensation of Plaintiff and other Tipped Employees are impermissible deductions from the minimum wage. In particular, these deductions are not authorized meal deductions under the Florida Constitution because the amount of the deductions is greater than the reasonable cost to Defendant (*i.e.*, the actual cost not including profit to the employer or any affiliated person) of the food and beverages provided for that amount.

27. The regular deductions Defendant makes from the compensation of Plaintiff and other Tipped Employees reduces the earnings of these employees below the required Florida Minimum Wage rate (including the Florida minimum tip credit rate) and constitutes an illegal "kickback" of minimum wage to Defendant by those employees.

28. Having failed to meet its obligation under Article X, Section 24 of the Florida Constitution to pay the minimum hourly wage rate to Plaintiff and its other Tipped Employees and not to retain any portion of the tips of Plaintiff and its other Tipped Employees, Defendant is not eligible to claim the tip credit for the work performed by Plaintiff and other Tipped Employees, and are therefore required to pay Plaintiff and Tipped Employees back pay damages equivalent to the

Florida Minimum Wage required under Florida law for each hour worked during weekly pay periods in which Defendant deducted $2.00 from the Tipped Employees, less the hourly wages actually paid to Plaintiffs and Tipped Employees.

29. Under Article X, Section 24 of the Florida Constitution, Defendant is also required to pay Plaintiff and other Tipped Employees damages equivalent to the amounts deducted from their pay and/or deducted, retained, or collected from their tips.

30. Defendant's impermissible deductions from the hourly compensation of Plaintiff and Tipped Employees constitute a willful and reckless violation of the Article X, Section 24(e) of the Florida Constitution.

31. Defendant's impermissible collection and/or retention of portions of the tips of Plaintiff and Tipped Employees constitute a willful and reckless violation of Article X, Section 24(e) of the Florida Constitution.

32. Plaintiff seeks to bring this action as a class action because, during the Relevant Class Liability Period, Defendant has subjected other employees similarly situated to Plaintiff (*i.e.* Tipped Employees) to the same impermissible deductions of wages and/or retention of tips.

33. Defendant's practice, described above, of deducting, retaining, or collecting of a portion of Tipped Employees' tips when Tipped Employees do not have enough money remaining in their paychecks after withholdings and tax deductions to pay the $2.00 per work week out of their wages, also constitute a violation of the FLSA, 29 U.S.C. § 203(m).

34. Having failed to meet its obligations under the FLSA, Defendant is not eligible to claim the tip credit for the work performed by Plaintiff and is therefore required to pay Plaintiff back pay damages equivalent to the minimum wage required under the FLSA for each hour worked during weekly pay periods in which Plaintiff, less the hourly wages actually paid to Plaintiff.

35. Under the FLSA, Defendant is also required to pay Plaintiff damages equivalent to the amounts retained or collected from his tips.

36. Defendant's impermissible collection and/or retention of portions of the tips of Plaintiff constitute a willful and reckless violation of the FLSA.

## COUNT I

### FAILURE TO PAY MINIMUM WAGE AND RETENTION OF EMPLOYEE'S TIPS IN VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

37. All the allegations in the preceding paragraphs are incorporated by reference as if fully restated herein.

38. Defendant willfully violated Article X, Section 24 of the Florida Constitution by deducting $2.00 fees for breakage from the compensation of Plaintiff and other Tipped Employees whom they compensated at a regular hourly rate at or about the Florida Tip Credit Minimum Wage.

39. Defendant willfully violated Article X, Section 24 of the Florida Constitution by retaining portions of the tips of Plaintiff and other Tipped Employees by deducting $2.00 fees for breakage from the compensation of Plaintiff and other Tipped Employees.

40. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this claim is brought on behalf of Named Plaintiff and a Putative Class of similarly situated employees who worked for Defendant in Florida at any time during the Relevant Class Liability Period, and for whom Defendant claimed a tip credit to meet Defendant's minimum wage obligations under Article X, Section 24 of the Florida Constitution, and: (1) from whose pay Defendant also deducted $2.00 per paycheck, thereby reducing the employee's direct hourly wages below the applicable tipped minimum wage rate permitted under Florida law.

## COUNT II

### FAILURE TO PAY MINIMUM WAGE AND RETENTION OF EMPLOYEES' TIPS IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. All the allegations in the preceding paragraphs are incorporated by reference as if fully restated herein.

42. Defendant willfully violated the FLSA by retaining portions of the tips of Plaintiff.

43. This claim is brought pursuant to 29 U.S.C. § 216.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

2. Conditional certification of this case as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216;

3. Designation of Plaintiff representative of the Putative Class and Plaintiff's counsel as class counsel;

4. A finding that, during the Relevant Class Liability Period, Defendant has violated Article X, Section 24 of the Florida Constitution by deducting fees from tipped minimum wage compensation of Plaintiff and Putative Class Members;

5. A finding that, during the Relevant Class Liability Period, Defendant has violated Article X, Section 24 of the Florida Constitution by deducting $2.00 fees for breakage from the compensation of Plaintiff and other Tipped Employees 6.

6. A finding that, during the Relevant Class Liability Period, Defendant has acted willfully in violating Article X, Section 24 of the Florida Constitution;

7. A finding that the statute of limitations under Article X, Section 24 of the Florida Constitution for Plaintiff and Putative Class Members is five years because of Defendant's willful violation of Article X, Section 24 of the Florida Constitution;

8. A finding that, during the Relevant Collective Liability Period, Defendant has violated the FLSA by deducting $2.00 fees for breakage from the compensation of Plaintiff and other Tipped Employees

9. A finding that, during the Relevant Collective Liability Period, Defendant has acted willfully in violating the FLSA;

10. A finding that the statute of limitations under the FLSA is three years because of Defendant's willful violation of the FLSA;

11. An award to the Plaintiff's Putative Class Members, and similarly situated Tipped Employees of the full Florida Minimum Wage, less the hourly wages actually paid, for each hour worked during work weeks which Defendant has made deductions from wages and/or retained portions of tips for breakage during the Relevant Class and Collective Liability Periods;

12. An award to the Named Plaintiff, Putative Class Members, and similarly situated Tipped Employees of liquidated damages equivalent to the back pay damages awarded by the Court, or, if liquidated damages are not awarded, then prejudgment interest;

13. An award to the Plaintiff, Putative Class Members, and similarly situated Tipped Employees of reasonable attorneys' fees and costs; and

14. An award of such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 23rd day of March 2022.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com