IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22:cv-80464-Matthewman

FITZJOHN MCCANN and
ROBINSON ROMAN,

    Plaintiffs,

v.

FRIGATE'S WATERFRONT BAR &
GRILL, INC., a Florida profit corporation,

    Defendant.
_____/

FILED BY SW D.C.
Jan 31, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## ORDER GRANTING THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [DE 45]

This matter is before the Court on Plaintiffs, FITZJOHN MCCANN and ROBINSON ROMAN, on behalf of themselves and on behalf of all others similarly situated ("Plaintiffs"), and Defendant FRIGATE'S WATERFRONT BAR & GRILL, INC.'s ("Defendant") Joint Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") [DE 45].

On October 11, 2022, this Court granted preliminary approval of the class action settlement and certification of settlement class. [DE 43]. Members of the settlement class had until December 9, 2022, to submit a claim form or file an objection to the settlement in this matter. No objections were filed. The Parties jointly filed their Motion for Final Approval on December 29, 2022.

On January 31, 2023, the Court held a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the case satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement. The Court has read and considered the settlement agreement, Motion for Final Approval, and the record of these proceedings. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY **ORDERED**:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

**CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All tipped employees who worked for Defendant from April 16, 2021, through January 7, 2022, for whom Defendant claimed a tip credit to meet Defendant's minimum wage obligations under Article X, Section 24, of the Florida Constitution and the FLSA, and for whom Defendant subjected to a deduction for breakage.

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies FitzJohn McCann and Robinson Roman as the Class Representatives and the Scott Law Team LLC as Class Counsel.

**NOTICES TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order [DE 43], the approved class action notices were delivered in three ways to potential Class Members: via electronic mail ("e-mail") to the e-mail address, if any, included on the job application of the Settlement Class member; via regular mail to the last known mailing address of the Settlement Class member; and by attachment to the physical paycheck for Settlement Class members who are currently employed by Defendant. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval

Order, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

**FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the prerequisites for class action treatment under Fed. R. Civ. P. 23 for the purposes of settlement, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiffs are typical of the claims of the Class Members;

D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the limited amount of any potential total recovery for the class.

**SETTLEMENT TERMS** – The Agreement, which is deemed incorporated herein, is finally approved, and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include,

but are not limited to, the following:

1. Settlement Fund – Defendant shall establish a $60,000 settlement fund (the "Settlement Fund").

2. Settlement Payment to Class Members – Each Class Member who returned a claim form will receive a pro rata share of the Settlement Fund. Each settlement check will be void ninety days after mailing.

3. Class Representative Settlement Amount – The two Class Representatives will each receive from Defendant the sum of $4,000.00 for their work on behalf of the Class Members ("Payment to Plaintiff"). This payment will be separate and apart from the Settlement Fund and their pro-rata share of the same.

4. Attorneys' Fees Expenses, and Costs of Class Counsel:  Defendant will pay Class Counsel the total sum of $37,500 for its reasonable attorneys' fees and litigation costs and expenses ("Attorneys' Fees"), separate and apart from the Settlement Fund, the Payment to Plaintiff, and any Settlement Administration Costs; and

5. Settlement Notice and Administration:  Separate from the Settlement Fund, the Payment to Plaintiff, and the Attorneys' Fees, Defendant is responsible for paying all costs of notice and administration of the settlement ("Settlement Administration Costs").

6. All payments in sections 2, 3, and 4 above shall be within ten days of this Order.

**OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement. No Class Members objected to the settlement. No Class Members excluded themselves from the settlement. This Order is therefore binding on all Class Members.

**RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – Plaintiffs, Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting,

intervening in or participating in, either individually or as a class, or in any other capacity, any of the released claims against any of the released parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, all released claims are compromised, settled, released, discharged, by virtue of these proceedings and this order.

The Lawsuit is hereby **DISMISSED WITH PREJUDICE** in all respects. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of January, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge